UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER**, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| **TURNING POINT USA, INC.**, | § | **EP-22-CV-00420-DCG** |
| *an Indiana non-profit/charitable corporation*, | § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

*Pro se* Plaintiff Brandon Callier alleges that Defendant Turning Point USA, Inc. violated the Telephone Consumer Protection Act ("TCPA") by sending him text messages without his consent. *See generally* Compl., ECF No. 1. Defendant moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* Mot., ECF No. 4. The Court **DENIES** Defendant's Motion.

### I. BACKGROUND

Plaintiff alleges that Defendant violated § 227(b)(1)(A) of the TCPA by using an automatic telephone dialing system ("ATDS") to send five text messages to his cell phone without his consent. Compl. at 3, 6–9, 11.[1] An "ATDS" is a machine that has the capacity to both

---

[1] Page citations in this Memorandum Opinion and Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

>   (1) "store or produce telephone numbers to be called, using a random or sequential number generator;" and
>
>   (2) "dial such numbers."

47 U.S.C. § 227(a)(1).[2]

According to Defendant, text messages sent "by or on behalf of a tax-exempt nonprofit organization are specifically excepted from" the TCPA "and do not give rise to liability." Mot. at 2.  Because Defendant is a nonprofit organization that is exempt from taxation under section 501(c)(3) of the Internal Revenue Code,[3] Defendant insists that "Plaintiff's claim fails under the TCPA" and "must be dismissed." *Id.* at 3.

Plaintiff responds that tax-exempt nonprofit organizations aren't immune from ATDS claims under TCPA § 227(b)(1)(A), even if they may be immune from other TCPA claims.  *See generally* Resp., ECF No. 1.

---

[2] *See also, e.g.*, *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167–72 (2021).

[3] Compl. at 2; *see also* 26 U.S.C. § 501(c)(3).

Defendant attached an Internal Revenue Service Determination Letter to its Motion purporting to prove that it is a tax-exempt nonprofit organization under § 501(c)(3).  Determination Letter, ECF No. 5, at 2–3.  Although "a Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint," *e.g.*, *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (quoting *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016), Defendant maintains that the Court may nonetheless consider that Determination Letter even though Plaintiff didn't attach it to his Complaint.  Mot. at 1 n.1 (arguing that the Determination Letter is a proper subject for judicial notice); *see also, e.g.*, *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ("In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to . . . (1) the facts set forth in the complaint, (2) documents attached to the complaint, *and (3) matters of which judicial notice may be taken*." (emphasis added)).  The Court need not decide whether it'd be proper to consider the Determination Letter in this posture because Plaintiff admits in his Complaint that Defendant "is a registered nonprofit/charitable organization under [section] 501(c)(3)" of the Internal Revenue Code.  Compl. at 2, 4.

## II.   DISCUSSION

A.   **The TCPA**

To understand the parties' arguments, one must first disentangle three distinct TCPA provisions.

### 1.   Section 227(b)(1)(A): Calls to Cell Phones Using an ATDS

With various exceptions not relevant here, § 227(b)(1)(A) of the TCPA makes it unlawful "to make any call[4] . . . using any ***automatic telephone dialing system*** or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . ***cellular telephone service***" without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A) (emphasis added).

Plaintiff raises only one claim in his Complaint: that Defendant violated § 227(b)(1)(A) "by placing non-emergency automated text messages to [his] cellular telephone number using an ATDS without prior express . . . consent."  Compl. at 3, 6, 9, 10–11; *see also* Resp. at 1–4. Plaintiff does not assert any other claim against Defendant based on any other provision of the TCPA or its implementing regulations.  *See generally* Compl.; Resp. at 1–4.

### 2.   Section 227(b)(1)(B): Calls to Residential Telephone Lines Using an Artificial or Prerecorded Voice

Distinct from § 227(b)(1)*(A)* of the TCPA is § 227(b)(1)*(B)*.  With various exceptions, § 227(b)(1)(B) prohibits "initiat[ing] any telephone call to any ***residential telephone line*** using an ***artificial or prerecorded voice*** to deliver a message" without the recipient's express consent. 47 U.S.C. § 227(b)(1)(B) (emphasis added).  Three differences between subparagraphs (A) and (B) bear emphasis here.

---

[4] Courts have generally agreed that "[a] text message to a cell phone is a 'call' for purposes of the TCPA." *E.g.*, *Suriano v. French Riviera Health Spa, Inc.*, No. 18-9141, 2018 WL 6702749, at *2 (E.D. La. Dec. 20, 2018).

      **a.**      **Subparagraph (A) Covers Cell Phones, While Subparagraph (B) Covers "Residential Telephone Lines"**

First, subparagraph (B) only covers calls to "*residential telephone line[s]*." *Id.* (emphasis added). Subparagraph (A), by contrast, covers calls to a variety of telephone lines and numbers, including "telephone number[s] assigned to a . . . *cellular telephone service*." *Id.* § 227(b)(1)(A) (emphasis added). Subparagraph (A) does not, however, use the term "residential telephone line." *See id.*

      **b.**      **Subparagraph (B) Doesn't Cover ATDSs**

Second, whereas subparagraph (A) covers calls made "using any [ATDS] *or* an artificial or prerecorded voice," *id.* (emphasis added), subparagraph (B) applies *only* to calls "using an artificial or prerecorded voice," *id.* § 227(b)(1)(B). As a result, subparagraph (B) doesn't prohibit using an ATDS to make a call to a residential line.[5]

Plaintiff's claim is based exclusively on Defendant's alleged use of an ATDS; he does not allege that Defendant used an artificial or prerecorded voice. *See* Compl. at 6, 9, 11. Thus, Plaintiff can only be asserting a claim under § 227(b)(1)(A); he cannot be basing his claim on § 227(b)(1)(B).

      **c.**      **Claims Under Subparagraph (B) are Subject to Regulatory Exceptions That Don't Apply to Claims Under Subparagraph (A)**

Finally, the TCPA explicitly authorizes the Federal Communications Commission ("FCC") to exempt certain calls from subparagraph (B)'s prohibitions against using artificial or

---

[5] *See, e.g.*, *Orsatti v. Quicken Loans, Inc.*, No. 2:15-cv-09380, 2016 WL 7650574, at *3 (C.D. Cal. Sept. 12, 2016) ("Only § 227(b)(1)(A) prohibits the use of an ATDS . . . § 227(b)(1)(B) . . . does not prohibit ATDS calls."); *McEwen v. Nat'l Rifle Ass'n of Am.*, No. 2:20-cv-00153, 2021 WL 1414273, at *3 (D. Me. Apr. 14, 2021) ("As to . . . numbers assigned to a cellular phone service, Congress prohibited both the delivery of artificial or prerecorded voice messages and the use of ATDS. As to . . . residential phone lines, Congress prohibited only the delivery of artificial or prerecorded voice messages.").

prerecorded voice messages to deliver messages to residential telephone lines.[6]  Pursuant to that authority, the FCC promulgated 47 C.F.R. § 64.1200(a)(3), which specifies limited circumstances in which a caller may lawfully use "an artificial or prerecorded voice to deliver a message" to a "residential line" without the recipient's consent.[7]  As relevant here, § 64.1200(a)(3)(iv) creates an exception for calls "made by or on behalf of a ***tax-exempt nonprofit organization***," and § 64.1200(a)(3)(ii) creates an exception for calls "***not made for a commercial purpose***."  47 C.F.R. § 64.1200(a)(3)(ii) & (iv) (emphasis added).  Because that regulation implements subparagraph (B) rather than subparagraph (A), it does not mention ATDSs or cell phones; those exceptions to liability only apply to calls "using an artificial or prerecorded voice" made to a "residential line."  *See id.* § 64.1200(a)(3).

### 3. Section 227(c) and 47 C.F.R. § 64.1200(c): Telephone Solicitations

Yet another subsection of the TCPA, 47 U.S.C. § 227(c), commands the FCC to promulgate regulations "to protect residential telephone subscribers' privacy rights to avoid receiving ***telephone solicitations*** to which they object."  47 U.S.C. § 227(c)(1)–(2) (emphasis added).

The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  *Id.* § 227(a)(4).  The term explicitly

---

[6] *See* 47 U.S.C. § 227(b)(2)(B) (authorizing the FCC to promulgate rules or orders exempting from 47 U.S.C. § 227(b)(1)(B)'s coverage (i) "calls that are not made for a commercial purpose" and (ii) "classes or categories of calls made for commercial purposes" that (I) "will not adversely affect the privacy rights that [47 U.S.C. § 227] is intended to protect" and (II) "do not include the transmission of any unsolicited advertisement"); *id.* § 227(b)(1)(B) (providing that any call that "is exempted by rule or order by the [FCC] under paragraph (2)(B)" does not violate 47 U.S.C. § 227(b)(1)(B)).

[7] *See generally* 47 C.F.R. § 64.1200(a)(3); *see also, e.g.*, *Fitzhenry v. Indep. Order of Foresters*, No. 2:14-cv-3690, 2015 WL 3711287, at *2 (D.S.C. June 15, 2015) (noting that the FCC promulgated 47 C.F.R. § 64.1200(a)(3) pursuant to its rulemaking authority under TCPA § 227(b)(2)(B)).

excludes, however, any "call or message . . . by a ***tax exempt nonprofit organization***." *Id.* (emphasis added).

The FCC has promulgated several regulations to implement 47 U.S.C. § 227(c).[8] The regulation particularly relevant here is 47 C.F.R. § 64.1200(c), which imposes various restrictions on "telephone solicitation[s]" to "residential telephone subscriber[s]." *See generally* 47 C.F.R. § 64.1200(c).

Although Plaintiff's Complaint contains the boilerplate allegation that "Defendant's text messages to Plaintiff were 'telephone solicitations' as defined by the TCPA," Compl. at 8, he does not assert that Defendant violated 47 C.F.R. § 64.1200(c)'s restrictions on telephone solicitations, *see id.* at 10–11; Resp. at 2. To repeat, Plaintiff is only pursuing a single cause of action: that Defendant violated 47 U.S.C. § 227(b)(1)(A) by using an ATDS. *See* Compl. at 3, 10–11; Resp. at 1–4.

**B.   Defendant Isn't Immune from Plaintiff's ATDS Claim**

Defendant claims it is categorically immune from TCPA liability because "the TCPA excludes tax-exempt nonprofit corporations from its purview." Mot. at 3. While Defendant is partially correct that tax-exempt nonprofit organizations are immune from *some* TCPA claims, it is not immune from the claim Plaintiff asserts here.

**1.   47 U.S.C. § 227(a)(4)**

Defendant first claims that 47 U.S.C. § 227(a)(4) immunizes it from TCPA liability. Mot. at 2. As discussed, that provision excludes any "call or message . . . by a tax exempt nonprofit organization" from the definition of "telephone solicitation." 47 U.S.C. § 227(a)(4);

---

[8] *See, e.g.*, *Drew v. Lexington Consumer Advoc., LLC*, No. 16-cv-00200, 2016 WL 1559717, at *6 (N.D. Cal. Apr. 18, 2016) ("47 C.F.R. § 64.1200(c) and (d) are regulations promulgated under § 227(c).").

*see also supra* Section II.A.3. TCPA § 227(a)(4) thereby relieves tax-exempt nonprofit organizations from liability under 47 C.F.R. § 64.1200(c)'s telephone solicitation restrictions. *See* 47 C.F.R. § 64.1200(c); *see also id.* § 64.1200(f)(15)(iii).

Again, however, Plaintiff isn't asserting a claim under 47 C.F.R. § 64.1200(c). *See* Compl. at 10–11; Resp. at 2. He's instead asserting a claim under TCPA § 227(b)(1)(A), *see* Compl. at 3, 10–11; Resp. at 1–4, which "does not contain the term 'telephone solicitation,'" *Harrison v. Tekoa Charter Sch., Inc.*, No. H-16-2037, 2017 WL 3671301, at *3 (S.D. Tex. Aug. 2, 2017); *see also* 47 U.S.C. § 227(b)(1)(A).[9] TCPA § 227(b)(1)(A) applies more broadly to "*any call*" made using an ATDS. 47 U.S.C. § 227(b)(1)(A) (emphasis added); *see also Harrison*, 2017 WL 3671301, at *3. Consequently, § 227(a)(4)'s provision "exempting non-profit activity from the term 'telephone solicitation' does not . . . also exempt non-profits from liability under § 227(b)(1)(A)[]." *Harrison*, 2017 WL 3671301, at *3; *see also id.* ("[T]here is neither a statutory [n]or regulatory exemption for non-profits that is applicable to 47 U.S.C. § 227(b)(1)(A)[] . . . .").

### 2.  47 C.F.R. § 64.1200(a)(3)(ii) & (iv)

Defendant also argues that 47 C.F.R. § 64.1200(a)(3)(ii) & (iv) immunize it from TCPA liability. *See* Mot. at 2–3; Reply, ECF No. 7, at 2. As discussed, those regulations create exceptions to TCPA § 227(b)(1)(B)'s prohibition against "initiat[ing] any telephone call to [a] residential telephone line using an artificial or prerecorded voice" without the recipient's consent. *See* 47 U.S.C. § 227(b)(1)(B); *see also supra* Section II.A.2.c. To reiterate, subparagraph (iv) exempts calls "made by or on behalf of a tax-exempt nonprofit organization,"

---

[9] *See also, e.g., Gomez v. Campbell-Ewald Co.*, No. CV 10-2007, 2010 WL 7345680, at *3 n.5 (C.D. Cal. Nov. 5, 2010) ("[T]he exemptions for . . . tax-exempt nonprofit organizations are found in the definition of 'telephone solicitation,' which is set forth in 47 U.S.C. § 227(a)(4) and not used anywhere in 47 U.S.C. § 227(b).").

while subparagraph (ii) exempts calls "not made for a commercial purpose." 47 C.F.R. § 64.1200(a)(3)(ii) & (iv). Defendant insists that it qualifies for both of those exceptions because it is a tax-exempt nonprofit organization, and because it did not send the challenged text messages for commercial purposes. *See* Mot. at 2–3; Reply at 2.

By the regulation's plain language, however, § 64.1200(a)(3)(ii) & (iv) only apply to calls "using *an artificial or prerecorded voice*." 47 C.F.R. § 64.1200(a)(3) (emphasis added). Again, Plaintiff isn't claiming that Defendant used an artificial or prerecorded voice. *See* Compl. at 11. 47 C.F.R. § 64.1200(a)(3)'s exceptions to liability are therefore inapplicable. *See supra* Section II.A.2.c.

### 3. Whether Plaintiff's Cell Phone Number Also Qualifies as a Residential Telephone Line is Irrelevant

Defendant insists that the above-cited exceptions to liability foreclose Plaintiff's claim because his cell phone also qualifies as a residential phone.[10] *See* Reply at 1–2; *see also* Compl. at 7, 9 (alleging that Plaintiff uses his cell phone as his residential telephone number).

Whether Plaintiff's cell phone qualifies as a residential phone is irrelevant. Again, Plaintiff is not asserting a claim under TCPA § 227(b)(1)*(B)*, which regulates telephone calls "using an artificial or prerecorded voice" to "*residential telephone line[s]*." *Compare* 47 U.S.C. § 227(b)(1)(B) (emphasis added), *with* Compl. Nor is Plaintiff asserting a claim under 47 C.F.R. § 64.1200(c), which regulates "telephone solicitation[s]" to "*residential telephone subscribers*." *Compare* 47 C.F.R. § 64.1200(c) (emphasis added), *with* Compl. Instead, Plaintiff is exclusively relying on TCPA § 227(b)(1)*(A)*, which applies to "telephone number[s] assigned to a

---

[10] Some courts have rejected the proposition that a cell phone may qualify as a "residential telephone line" for the purposes of asserting a claim under TCPA § 227(b)(1)(B). *See, e.g.*, *Morgan v. U.S. Xpress, Inc.*, No. 3:17-cv-00085, 2018 WL 3580775, at *1 (W.D. Va. July 25, 2018) ("[T]he structure and language of the TCPA demonstrate that calls made to a cell phone are not calls made to a 'residential telephone line.'"). The Court assumes without deciding that it may.

. . . cellular telephone service" irrespective of whether that cell phone also serves as the recipient's residential phone. *See* 47 U.S.C. § 227(b)(1)(A); Compl. at 3. Thus, it doesn't matter whether Plaintiff's cell phone would qualify as a "residential telephone line" under TCPA § 227(b)(1)(B), or whether Plaintiff is a "residential telephone subscriber" under 47 C.F.R. § 64.1200(c). The exceptions Defendant invokes apply exclusively to statutory and regulatory provisions under which Plaintiff isn't asserting a claim, so those exceptions don't defeat Plaintiff's cause of action. *See Harrison*, 2017 WL 3671301, at *3 (S.D. Tex. Aug. 2, 2017); *see also supra* Sections II.B.1–2.

### III.   CONCLUSION

The Court thus **DENIES** Defendant Turning Point USA, Inc.'s "Motion to Dismiss" (ECF No. 4).

**So ORDERED and SIGNED this 28th day of March 2023.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**